IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JEFFREY S. FLACK,                                                                 PETITIONER

v.                                                                            No. 1:12CV166-A-V

EARNEST LEE                                                           RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jeffrey S. Flack for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has responded to the petition. Flack has not filed a traverse, and the time to do so has expired. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed for failure to exhaust state remedies.

**Facts and Procedural Posture**

Jeffrey S. Flack is currently in the custody of the Mississippi Department of Corrections and is housed in the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted the Circuit Court of Tishomingo County, Mississippi for residential burglary and possession of a firearm by a felon. However, in his petition, Flack is not challenging his crimes of conviction; instead, he challenges the issuance of a rule violation report (RVR), which resulted in the loss of his earned time and trusty status.

Flack claims that he challenged his RVR through the Mississippi Department of Corrections' Administrative Remedy Program (ARP), and has attached copies of his ARP documents from Cause No. DCF-11-639 to his federal petition for a writ of *habeas corpus*. At the bottom of his "Second Step Response Form," Flack signed an acknowledgment, dated June 29, 2012, that he had completed the ARP program and had thirty days to seek judicial review of his grievance. Under state law, Flack has the right to seek judicial review of the agency's

decision within thirty days of receipt of the ARP's final decision. MISS. CODE ANN. § 47-5-807.

This statutory time limit for seeking judicial review of the agency decision is jurisdictional. *Wilde v. Mississippi Department of Corrections*, 88 So. 3d 792, 794 (Miss. App. 2012); *Taylor v. Sparkman*, 77 So. 3d 1133 (Miss. App. 2011); *see also Stokes v. State of Mississippi*, 984 So. 1089, 1091 (Miss. App. 2008) (citing *Stanley v. Turner*, 846 So. 2d 279, 282 (Miss. App. 2001)); *Simmons v. Sparkman*, 829 So. 3d 1289 (Miss. App. 2002).

Jurisdiction of an appeal of the decision of an administrative agency is proper "in the county where the defendant resides, which in this case would be [Flack's] county of incarceration." *Stokes v. State*, 984 So. 2d at 1091. At the time Flack filed his ARP he was housed in Delta Correctional Facility in Greenwood, Mississippi – in Leflore County, Mississippi. The Circuit Court Clerk's Office for Leflore County has confirmed that Flack has not filed any appeals of the ARP decision in that court. Flack's "Second Step Response Form" states that, at the time of the issuance of that document, Flack was in custody at South Mississippi Correctional Institution in Leakesville, Mississippi – in Greene County, Mississippi. The Circuit Court Clerk's Office for Greene County has confirmed that Flack has not filed any appeals challenging the ARP decision in that court, either. In addition, Flack has not pursued an appeal of any decision regarding the ARP in question to the Mississippi Supreme Court.

In his *habeas corpus* petition, Flack raises the following grounds for relief (which have been restated for brevity and clarity):

> **Ground One:** Flack improperly received a R.V.R. for the possession of contraband (a cell phone) while housed in Delta Correctional Facility, which resulted in the loss of six (6) months earned time.
>
> **Ground Two:** Flack's ARP complaint was not processed in a timely fashion.

**Ground Three:** Flack was improperly removed from trusty status as a result of the R.V.R.

## Exhaustion

Though 28 U.S.C. § 2241 does not state that inmates must exhaust state remedies before seeking federal *habeas corpus* relief, courts have found that such a requirement exists. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Flack admits that he never raised his claim in Ground Three before the state courts. In addition, Flack failed to appeal the denial of his ARP. As such, none of his claims have been presented to the State's highest court. As he has not presented these claims to the Mississippi Supreme Court, the state has not had a fair opportunity to pass on them. As such, Flack's claims are now procedurally barred from federal review and must be dismissed with prejudice. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999) (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

When "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones*, supra, *quoting Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Flack did not appeal the denial of his ARP, and the time to do so has long since passed. Flack has thus waived his opportunity to have the Mississippi appellate courts review the claims on the merits – and has defaulted the claims raised in his federal habeas petition. The court is now precluded from reviewing the claims.

In addition, Flack cannot demonstrate "cause" under the "cause and prejudice" test so that the court may reach the merits of his claims despite the procedural bar because no external impediment existed to prevent him from appealing the denial of his ARP. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). As Flack has not shown "cause," the court need not consider whether Flack suffered actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). Thus, Flack does not benefit from "cause and prejudice" exception to procedural bar. The court's decision to forgo consideration of Flack's claims will not result in a "fundamental miscarriage of justice." *See Martin*, 98 F.3d at 849 (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992)). The "fundamental miscarriage of justice" exception applies only to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Flack has not presented the court with any evidence that he was innocent of possessing the contraband as charged in the RVR; thus he has not shown that he would fall victim to a fundamental miscarriage of justice if his claims are barred. Flack's allegations have been procedurally defaulted, and he is not entitled to federal *habeas corpus* as to his allegations in Grounds One, Two, and Three of the instant petition, which will be dismissed as procedurally barred. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of August, 2013.

 /s/ Sharion Aycock
 **U.S. DISTRICT JUDGE**